# EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Sandra Sanchez
_____
                                Plaintiff
                vs.

Target Corporation                               Case Number  2019 CA 006452 B
_____
serve CT Corporation             Defendant
1015 15th St NW, Ste. 1000
Washington, DC 20005             **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stuart L. Peacock
_____                Clerk of the Court
Name of Plaintiff's Attorney

1311 Buchanan Street NW, Washington DC 20011
_____       By _____
Address                                                    Deputy Clerk

(202) 714-6800
_____       Date    10/02/2019
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828로 전화주십시오    ᎠᎹᎯᎦᎻ ᏔᎵᎦᎷ ᎠᎹᎷᎱᎢ (202) 879-4828   ያስተርጉም.

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, **_DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_**.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                   Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

SANDRA SANCHEZ
Vs.                                                   C.A. No.     2019 CA 006452 B
TARGET CORPORATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge ROBERT R RIGSBY
Date:  October 2, 2019
Initial Conference: 10:00 am, Friday, January 03, 2020
Location: Courtroom 201
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60

Filed
D.C. Superior Court
10/02/2019 15:29PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF
COLUMBIA
Civil Division

SANDRA SANCHEZ
1301 Longfellow Street NW
Washington, DC 20011,

    Plaintiff,

v.

TARGET CORPORATION
1000 Nicollet Mall
Minneapolis, MN 55403,

    Defendant.

Case No: 2019 CA 006452 B

## COMPLAINT

(Negligence – Premises Liability)

NOW COMES the Plaintiff SANDRA SANCHEZ, by counsel, Stuart L. Peacock, DC Bar #428908, and moves this Court for a Judgment against Defendant Target Corporation and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is founded upon D.C. Code § 11-921.

2. Jurisdiction of the person is founded upon D.C. Code § 13-423 and D.C. Code § 13-422.

### PARTIES

3. Plaintiff **SANDRA SANCHEZ** is an adult citizen of the United States and is a resident of the District of Columbia.

4. Defendant **TARGET CORPORATION** is a business entity, incorporated in Minnesota, that regularly transacts business in the District of Columbia.

## FACTS

5. On or about July 6, 2018, Plaintiff **SANDRA SANCHEZ** was walking in the Target Store located at 3100 14th St NW Washington, DC 20010 and stepped on an unmarked wet spot on the floor causing her to fall and suffer severe and permanent personal injuries.

6. The events that give rise to this action occurred in the District of Columbia at 3100 14th St NW Washington, DC 20010.

7. Upon information and belief, Defendant **TARGET CORPORATION** is a corporation that engages in a regular ongoing course of business in the District of Columbia by providing retail services to invitees and/or licensees at 3100 14th St NW Washington, DC 20010.

8. As a direct and proximate result of Defendant's conduct, Plaintiff **SANDRA SANCHEZ** suffered severe, permanent, and uncompensated harms and losses. These harms and losses include past, present, and future pain and suffering. These harms and losses caused **SANDRA SANCHEZ** to expend great sums of money for hospitals, physicians, and related care and treatment. **SANDRA SANCHEZ** suffered and continues to suffer from mental and emotional harms and losses, including isolation, loss of mobility, anger, humiliation, fright, and anguish. Further **SANDRA SANCHEZ** lost wages and business opportunities.

9. **SANDRA SANCHEZ** neither contributed to the negligence which caused her injuries, nor assumed the risk of the injuries sustained.

## STATEMENT OF CLAIMS

10. At the aforesaid time and place, Defendant **TARGET CORPORATION**, its agents, servants and employees owed Plaintiff **SANDRA SANCHEZ** duties to use ordinary care in maintaining the premises under their control in a reasonably safe condition. This duty included, but

was not limited to, inspecting, maintaining, and repairing the premises. This duty further required Defendant To correct any dangerous and defective conditions which existed on the subject premises and to warn persons such as Plaintiff **SANDRA SANCHEZ** of any dangerous and defective conditions of which it was aware or which it reasonably should have been aware, and;

11. At the aforesaid time and place, Defendant **TARGET CORPORATION** its agents, servants and employees, breached these duties when, with full knowledge, they failed to correct a known defective condition; specifically an untreated wet floor located at 3100 14th St NW Washington, DC 20010, thereby exposing **SANDRA SANCHEZ** to a dangerous and defective condition.

12. As a direct and proximate result of Defendant's multiple breaches of duties, **SANDRA SANCHEZ** was injured when she fell while in the Target Store located at 3100 14th St NW Washington, DC 20010.

## CLAIM FOR RELIEF

**WHEREFORE**, the Plaintiff, **SANDRA SANCHEZ** demands judgment against the Defendant **TARGET CORPORATION** for compensatory damages in an amount equal to past, present and future economic damages, plus an amount of not less than One Million Dollars ($1,000,000.00) in non-economic damages, pre-judgment interest and costs, and for such other and further relief as the nature of this case may require.

Respectfully submitted,

By: /s/ _____
Stuart L. Peacock
DC Bar Number 428908
E-Mail: stuart.l.peacock@gmail.com
1311 Buchanan Street NW
Washington, DC 20011
Telephone: (202) 714-6800
Attorney for the Plaintiff

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

**Sandra Sanchez**          Case Number: 2019 CA 006452 B

v.                          Date: _____

**Targtet Corporation**     ☐ _____ One of the defendants is being sued in their official capacity.

Name: (Please Print) Stuart L. Peacock, Esq.
Firm Name: Law Offices of Stuart L. Peacock
Telephone No.: (202) 714-6800
Six digit Unified Bar No.: 428908

Relationship to Lawsuit
☒ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury
Demand: $ 1,000,000.00   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____   Judge: _____   Calendar #: _____
Case No.: _____   Judge: _____   Calendar #: _____

NATURE OF SUIT: (Check One Box Only)

**A. CONTRACTS**                                **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☒ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE _____ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 21 Petition for Subpoena [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

October 1, 2019
Date

CV-496/ June 2015